Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| CARLOS A. TORRECH PRIETO<br><br>PETICIONARIO<br><br>V.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>RECURRIDOS<br><br>COMISIÓN APELATIVA DE SERVICIOS PÚBLICOS | TA2026CE00245 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV02843<br><br>Sobre: Revisión de Laudo de Arbitraje |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2026.

## I.

El 24 de febrero de 2026, el señor Carlos A. Torrech Prieto (peticionario o señor Torrech Prieto) presentó un recurso de "*Apelación*" en el que nos solicitó que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 26 de enero de 2026, notificada y archivada digitalmente en autos el 27 de enero de 2026.[1] Mediante dicho dictamen, el foro primario confirmó el laudo de arbitraje emitido por la Comisión Apelativa del Servicio Público (CASP).

El 26 de febrero de 2026, emitimos una *Resolución* en la que le ordenamos a la Secretaría de este tribunal asignar al recurso un alfanumérico correspondiente a un *Certiorari*, toda vez que es el

---

[1] Véase entrada núm. 4 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

recurso adecuado, ya que se recurre de una sentencia final producto de una solicitud de revisión de un laudo de arbitraje.[2] Acogido el recurso como un *Certiorari*, le concedimos al Departamento de Educación (parte recurrida) hasta el 6 de marzo de 2026 para exponer su posición sobre los méritos del recurso.

El 4 de marzo de 2026, el Departamento de Educación presentó una *Solicitud de término adicional* para que le otorgáramos una prórroga y responder al recurso.[3]

El 6 de marzo de 2026, emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 17 de marzo de 2026 para exponer su posición.[4]

El 17 de marzo de 2026, el Departamento de Educación, por conducto de la Oficina del Procurador General, presentó un *Escrito en Cumplimiento de Resolución* en el que solicitó que deneguemos la expedición del recurso, o, confirmemos la *Sentencia* recurrida.[5]

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el presente recurso, y, en adelante, pormenorizaremos los hechos procesales atinentes al recurso.

**II.**

El caso de marras tuvo su génesis el 18 de enero de 2013, cuando el señor Torrech Prieto presentó una *Querella*.[6] Tras varios incidentes procesales, innecesarios pormenorizar, el 25 de mayo de 2023 se celebró la vista de arbitraje y el 30 de junio de 2023 el caso quedó sometido para fines de adjudicación. Dado que no hubo acuerdo de sumisión entre las partes, estos presentaron sus correspondientes proyectos de sumisión y el arbitró determinó que la controversia a dilucidar era la siguiente:

---

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 4.
[4] Íd., entrada núm. 5.
[5] Íd., entrada núm. 6.
[6] Véase anejo 1 de la entrada núm. 1 del del expediente digital del caso en el SUMAC-TPI, *Laudo de Arbitraje.*

Determinar si el Querellante, al momento de solicitar la Carrera Magisterial en el 2012, cumplía o no con los requisitos de la Ley 158 de 18 de julio de 1999, según enmendada, conocida como la Ley de la Carrera Magisterial, al igual que de la Opción 45 Artículo 5.04 del Reglamento de Carrera Magisterial, Núm. 6761, para ser acreedor de los beneficios del aumento de sueldo. De determinar que el Querellante no cumplía con los requisitos, que el Árbitro desestime la querella.

De entender que el Querellante cumplía con los requisitos de Nivel IV de la Carrera Magisterial, que el Árbitro ordene el ajuste del salario correspondiente al nivel, retroactivo al momento en que fue solicitado por el Querellante, con cualquier otro remedio que en derecho proceda.

El 28 de febrero de 2025, el árbitro de la CASP emitió un Laudo de Arbitraje. Concluyó que, de conformidad con la Ley de la Carrera Magisterial, Ley Núm. 158-1999, según enmendada, 18 LPRA sec. 310 *et seq.* (Ley de la Carrera Magisterial), y el Reglamento Núm. 6761 de 5 de febrero de 2004 (Reglamento Núm. 6761), el señor Torrech Prieto tenía disponible el proceso alternativo de cuarenta y cinco (45) créditos académicos conducentes al grado de doctor en áreas de estudios relacionados con la categoría en que se desempeña. Ahora bien, señaló que, según la evaluación hecha por la Oficina de Carrera Magisterial, este solo completó treinta y tres (33) de los cuarenta y cinco (45) créditos necesarios. Por lo que, resolvió que el peticionario, al momento de solicitar la Carrera Magisterial en el 2012, no cumplía con los requisitos para ser acreedor de los beneficios del aumento de sueldo. Por tanto, desestimó la querella.

Oportunamente, el 2 de abril de 2025, el señor Torrech Prieto presentó una *Revisión Judicial de Laudo de Arbitraje* ante el TPI.[7] En la misma, alegó que, ha laborado para el Departamento de Educación por espacio de treinta y tres (33) años, como maestro de

---

[7] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.

matemáticas y físicas secundaria y que cuenta con varias preparaciones académicas. Señaló que, el 18 de enero de 2013, presentó una *Solicitud de Quejas y Agravios* debido a que la Oficina de Carrera Magisterial del Departamento de Educación le denegó una solicitud de revisión de salario y conocimiento de nivel. Adujo que, a pesar de haber cumplido con todos los requisitos, la parte recurrida no le otorgó el reconocimiento de nivel y el aumento salarial que corresponde. Indicó que, solicitó el Nivel IV de Carrera Magisterial dado que había culminado los cuarenta y cinco (45) créditos a nivel doctoral, trecientas (300) horas de capacitación y cien (100) horas de proyecto requeridos.

Inconforme con el laudo, señaló ante el TPI el siguiente error:

Erró la Comisión Apelativa del Servicio Público al determinar que el querellante-recurrente no cumplía con los requisitos para que se le otorgara la Opción 45 del Nivel IV de la Carrera Magisterial, a tenor con las disposiciones de la Ley de Carrera Magisterial.

Alegó que el Departamento de Educación, arbitrariamente, no reconoció que el señor Torrech Prieto cumplió cabalmente con la educación, horas y experiencia para tener la revisión de salario y el Nivel Magisterial IV de la Carrera Magisterial, en clara violación de su derecho a recibir igual paga por igual trabajo.

Tras varios trámites procesales, 27 de enero de 2026, el TPI emitió una *Sentencia* en la que confirmó el Laudo de Arbitraje.[8] Determinó que, la solicitud del señor Torrech Prieto no puso al tribunal en posición de revisar el laudo. Esto, por no estar presentes los escenarios en que dicha revisión se permite, siendo ellos: la existencia de fraude, conducta impropia, falta del debido proceso de ley, violación a la política pública, falta de jurisdicción, o que el laudo no resuelve todas las cuestiones en controversia. No obstante,

---

[8] Íd., entrada núm. 4.

tras un pormenorizado estudio del expediente y de las argumentaciones de derecho ante sí, concluyó que, el peticionario no cumple con los requisitos de ley y reglamentarios para obtener el Nivel IV de la Carrera Magisterial.

Resolvió que, la alegada falta de notificación de la evaluación ocurrió luego de la determinación hecha por la Oficina de Carrera Magisterial por lo cual no era relevante para resolver la controversia medular ante el árbitro. Además, mencionó que dicho asunto no fue traído en la sumisión del arbitraje entre las partes ni fue parte de los asuntos que el árbitro tenía ante su consideración. Por último, determinó que es tarea de un cuerpo con el peritaje y el conocimiento determinar qué créditos son conducentes al grado de doctor en áreas de estudio relacionados con la categoría en que desempeña, y que dicha determinación merece gran deferencia.

Insatisfecho, el 24 de febrero de 2026, el peticionario presentó el recurso de epígrafe en el que formuló el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR SIN LUGAR LA PETICIÓN DE REVISIÓN DE LAUDO DE ARBITRAJE Y CONFIRMAR LA DETERMINACIÓN DEL LAUDO DE ARBITRAJE EMITIDO POR LA CASP.**

Es su contención que la determinación del Departamento de Educación fue arbitraria, caprichosa e injustificada al exigirle requisitos adicionales que no están en la Ley de Carrera Magisterial, *supra*, ni en el Reglamento concerniente. Además, adujo que la determinación del árbitro no es conforme a derecho dado que la Ley de Carrera Magisterial no requiere que el candidato tenga un Doctorado sino créditos conducentes al grado de Doctorado. Arguyó que, el laudo no resuelve las controversias sobre las evaluaciones realizadas por la Dra. Rohena Rivera, entonces directora de la Oficina de Carrera Magisterial y el señor Eric Pérez. En particular,

alegó que demostró que no hubo una notificación adecuada de la evaluación por el señor Eric Pérez y que el árbitro no resolvió dicha controversia. Además, sostuvo que las evaluaciones realizadas por los funcionarios del Departamento de Educación son subjetivas y dependen del funcionario que en ese momento este a cargo de la revisión. Asimismo, manifestó que el Departamento de Educación, arbitrariamente, no reconoció que el peticionario cumplió con la educación, horas y experiencia para tener la revisión salarial y nivel magisterial solicitado. Argumentó que, cuenta con todos los requisitos establecidos por el Reglamento de la Carrera Magisterial para alcanzar el Nivel IV de la Carrera Magisterial.

Por su parte, el 17 de marzo de 2026, el Departamento de Educación presentó su oposición. Arguyó que el señor Torrech Prieto no cumple con los requisitos para obtener el Nivel IV de la Carrera Magisterial y que sus alegaciones carecen de sustento probatorio suficiente. Argumentó que, para solicitar el reconocimiento de nivel o revisión de salario, el docente tiene que cumplir estrictamente con todos los requisitos establecidos en la Ley de la Carrera Magisterial, *supra*, y en el Reglamento Núm. 6761. Por lo cual, alegó que el Departamento de Educación no actuó de manera arbitraria, toda vez que, la determinación se basó en una evaluación objetiva de la documentación presentada, conforme a la referida Ley y el Reglamento.

En particular, alegó que el peticionario no posee conocimiento especializado para determinar unilateralmente la elegibilidad de los cursos, por lo que su alegación sobre que los cursos de investigación estadística equivalen automáticamente a matemáticas carece de fundamento probatorio válido. En cuanto a la alegada falta de notificación de la evaluación por la Oficina de Carrera Magisterial, adujo que, dicha carta no forma parte de apéndice ni fue presentada ante el foro primario y que la misma no guarda relación con la

querella. Por último, alegó que el peticionario no demostró que el laudo se emitió mediante fraude, la existencia de conducta impropia, falta del debido proceso de ley o ausencia de jurisdicción

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *supra*, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, **In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[9]

---

[9] Esta Regla dispone lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, *supra*; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, *supra*, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio

---

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

de la discreción, o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, *supra*, pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B.**

En Puerto Rico existe una vigorosa política pública a favor del arbitraje obrero-patronal. *UGT v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 955 (2022); *AAA v. UIA*, 200 DPR 903, 922 (2018). Ello, pues se trata de un proceso rápido, económico y sencillo para resolver ese tipo de controversias. *UGT v. Hima San Pablo Caguas*, 202 DPR 917, 928 (2019). Por ello, nuestro ordenamiento permite que las partes en un contrato se obliguen a llevar ante un árbitro aquellas controversias futuras que surjan de dicho contrato. *VDE Corporation v. F & R Contractors*, 180 DPR 21, 32 (2010).

Ahora bien, la injerencia de los tribunales sobre los laudos producto del proceso de arbitraje es limitada, puesto que nuestro Tribunal Supremo ha expresado que, si bien la intervención no está prohibida, lo prudente es la abstención judicial. *VDE Corporation v. F & R Contractors*, supra, pág. 36; *U.C.P.R. v. Triangle Engineering Corp.*, 136 DPR 133, 142 (1994). En ese sentido, al acordarse utilizar este mecanismo, se establece un foro sustituto a los tribunales de justicia y su interpretación merece gran deferencia. *C.F.S.E. v. Unión de Médicos*, 170 DPR 443, 449 (2007).

En lo pertinente, una vez emitidos, la revisión judicial de los laudos producto del arbitraje se limita a la determinación de fraude, conducta impropia, ausencia de debido proceso de ley, violación a la política pública, falta de jurisdicción del árbitro o que el laudo no resuelve todos los asuntos en controversia. Íd. Empero, de las partes haber pactado que el laudo de arbitraje sea emitido conforme a derecho, entonces los tribunales podrán corregir errores jurídicos a

la luz del derecho aplicable. Íd. Así, cuando un convenio colectivo dispone que los asuntos que han sometido al árbitro se resuelvan de acuerdo con el derecho, el árbitro no puede hacer caso omiso a las normas del derecho sustantivo, sino que debe resolver las controversias según las doctrinas legales vigentes. Íd.

**c.**

La Ley de la Carrera Magisterial, *supra*, fomenta la necesidad de renovar continuamente el conocimiento del maestro, de perfeccionar sus destrezas a través de estudios y práctica docente y de mantener los mejores maestros en el salón de clases. Véase la Exposición de Motivos de la Ley. Dicha Ley, creó un sistema de rangos magisteriales y procedimientos para ascensos y la revisión de salarios para los maestros y personal educativo, a través de planes individuales de mejoramiento profesional y programas de educación continua. ***Matías Lebrón v. Depto. Educación***, 172 DPR 859, 866-867 (2007). Por virtud del Artículo 1.05 de la Ley de la Carrera Magisterial, *supra*, sec. 311b, se promulgó el Reglamento de la Carrera Magisterial, Reglamento Núm. 6761.

Las clasificaciones y los diversos niveles establecen el lugar donde ocupa el personal docente incluido en la ley, según la jerarquía de su profesión y tomando en cuenta sus años de experiencia y preparación académica. Art. 2.01 de la Ley de la Carrera Magisterial, 18 LPRA sec. 313; Art. 5.01 del Reglamento de la Carrera Magisterial, *supra*, pág. 12.

Un miembro puede solicitar ascender al nivel siguiente si cumple con sus planes de mejoramiento personal y obtiene evaluaciones satisfactorias de su desempeño. ***Matías Lebrón v. Depto. Educación***, supra, pág. 870. El Artículo 2.06 de la Ley de la Carrera Magisterial, *supra*, sec. 313d-1, establece los siguientes requisitos para que se le otorgue a un miembro de la Carrera Magisterial el Nivel IV:

El Nivel IV se otorgará al miembro de la Carrera Magisterial que apruebe los siguientes requisitos:

**(a) Doctorado en la categoría en que se desempeña.**

(b) Doscientas (200) horas- contacto en actividades de educación continuada desde que se le reconoció el Nivel III.

(c) Cien (100) horas de adiestramientos al personal docente de la escuela o del Sistema o que invierta cien (100) horas en un proyecto especial en beneficio del Sistema de Educación Pública.

(d) Diez (10) años de experiencia docente en el Sistema.

(e) Evaluaciones satisfactorias de su desempeño docente.

O en su lugar, los siguientes requisitos:

**1. Cuarenta y cinco (45) créditos académicos conducentes al grado de doctor en áreas de estudios relacionadas con la categoría en que se desempeña,** aprobados en una institución educativa superior debidamente acreditada o reconocida en Puerto Rico.

2. Trescientas (300) horas contacto en actividades de educación continuada desde que se le reconoció el Nivel III.

3. Cien (100) horas de adiestramientos al personal docente de la escuela o del Sistema o cien (100) horas en el desarrollo de un proyecto especial en beneficio del Sistema.

4. Diez (10) años de experiencia docente en el Sistema.

5. Evaluaciones satisfactorias de su desempeño docente. (Énfasis nuestro).

El reconocimiento de la clasificación y nivel será efectivo en la fecha en que el miembro de la Carrera Magisterial evidencie haber completado debidamente su Plan de Mejoramiento Profesional y el mismo haya sido aprobado por la autoridad correspondiente.

Acorde con lo anterior, el Artículo 5.04 del Reglamento Núm. 6761, *supra*, págs. 14-15, establece los requisitos que los miembros de la Carrera Magisterial deben cumplir para alcanzar los distintos niveles. En lo pertinente a la controversia de epígrafe, para obtener el Nivel IV, se dispone lo siguiente:

Nivel IV: El Nivel IV se conferirá a los miembros que posean el Nivel III, **que posean Doctorado en la categoría en que se desempeñan**; con no menos de doscientas (200) horas contacto en actividades de educación continua, desde que se les reconoció el Nivel III; que hubiesen impartido no menos de cien (100) horas de adiestramientos al personal docente de las escuelas en que trabajan o de las escuelas del Sistema o que invierta cien (100) horas en un proyecto especial en beneficio del Sistema de Educación Pública; que posean diez (10) años de experiencia docente en el Sistema de Educación Pública; y que sus evaluaciones de desempeño docente demuestren ser consistentemente satisfactorias. **O que en su lugar, hubiesen aprobado no menos de cuarenta y cinco (45) créditos académicos conducentes al grado de doctor en áreas de estudio relacionadas con la categoría en que se desempeñan**; con no menos de trescientas (300) horas contacto en actividades de educación continua, desde que se les reconoció el Nivel III; que hubiesen impartido no menos de cien (100) horas de adiestramientos al personal docente de las escuelas en que trabajan o de las escuelas del Sistema o que invierta cien (100) horas en un proyecto especial en beneficio del Sistema de Educación Pública; que posean diez (10) años de experiencia docente en el Sistema de Educación Pública; y que sus evaluaciones de desempeño docente demuestren ser consistentemente satisfactorias. (Énfasis nuestro).

**IV.**

En el presente recurso, el señor Torrech Prieto impugnó la Sentencia dictada por el TPI, la cual confirmó el laudo de arbitraje emitido por la CASP. El peticionario solicitó que se revoque el referido dictamen ya que, según alega, cumple con los requisitos establecidos en el Reglamento Núm. 6167 para alcanzar el Nivel IV de la Carrera Magisterial.

En cambio, la parte recurrida sostiene que el foro primario actuó correctamente al confirmar el laudo. Aduce que el peticionario no demostró que la apreciación de la prueba por parte del arbitro haya sido contraria a las normas de derecho aplicable ni existe prueba que permita aplicar alguna de las excepciones a la limitación judicial en revisiones de laudo de arbitraje.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos expedir el auto peticionado y confirmar la determinación recurrida, por ser conforme a derecho.

El asunto medular ante el árbitro, en este caso, fue resolver si la evidencia presentada por el peticionario demostraba que cumple con los requisitos establecidos en la Ley de la Carrera Magisterial, *supra*, y el Reglamento Núm. 6761.

El árbitro de la CASP, tras aquilatar la prueba desfilada, determinó que el peticionario no cumple con los requisitos para solicitar la Carrera Magisterial Nivel IV, ya que no cuenta con un grado Doctoral en la materia de matemáticas ni, en la alternativa, con cuarenta y cinco (45) créditos académicos conducentes al grado doctoral en áreas relacionadas con la categoría que desempeña.

A juicio del foro primario, el laudo no demostró la existencia de fraude, conducta impropia, falta del debido proceso de ley, violación a la política pública, falta de jurisdicción, o que no haya resuelto todos los asuntos en controversia. El foro primario concluyó que el peticionario no cumple con los requisitos en ley ni reglamentarios para obtener el Nivel IV de la Carrera Magisterial.

Según surge palmariamente del expediente, el peticionario cuenta con varios créditos conducentes al grado doctoral, pero aun no ha aprobado la tesis. Por tanto, su alternativa era cumplir con los cuarenta y cinco (45) créditos. Ahora bien, cierta cantidad de dichos de créditos corresponde a las materias de Física y Estadística, cuyas materias no son la especialidad del peticionario. Por lo que, de conformidad con la Ley de la Carrera Magisterial y el Reglamento Núm. 6761, no cumple con los requisitos para ser acreedor de los beneficios de aumento de nivel y sueldo. Adviértase que, el Artículo 2.06 de la Ley de la Carrera Magisterial, *supra*,

establece claramente que los créditos académicos deben ser en áreas de estudio <u>relacionadas</u> con la categoría en que se desempeña el docente. Así lo resolvió el árbitro y lo confirmó el TPI.

A la luz de lo anterior, resulta preciso concluir que el TPI no incidió en el error señalado. El ilustrado foro primario actuó correctamente en derecho al confirmar el laudo. Por tal razón, procede *confirmar* la *Sentencia* recurrida.

**V.**

Por los fundamentos pormenorizados, se expide el auto de *certiorari* y se confirma la *Sentencia* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones